MYLES S. BREINER        4364
841 Bishop Street, Suite 2115
Honolulu, Hawaii 96813
Telephone: (808) 526-3426
E-Mail:    Myles@Breinerlaw.net

Attorney for Plaintiff
CHRISTINA C. RILEY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **CHRISTINA C. RILEY** | Civ No._____ |
| Plaintiff, | (Other Non-Vehicle Tort: Civil Rights) |
| v. | COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; SUMMONS |
| **STATE OF HAWAII**, DEPARTMENT OF PUBLIC SAFETY; **NOLAN ESPINDA**, in his Capacity as the Director of Public Safety; **JAMES HIRANO**, individually and in his capacity as Warden of the Maui Community Correctional Center; **JAMES SIUGPIYEMAL**, individually and in his Capacity as an Adult Corrections Officer. | |
| Defendants. | |

COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Christina C. Riley, by and through her attorney, MYLES S. BREINER , and for his Complaint against the above-named Defendants, alleges and avers as follows:

## FACTUAL BACKGROUND

In this action, Plaintiff seeks compensation for injuries from being sexually assaulted by an Adult Correctional Officer ("ACO") while on work furlough at the Maui Community Correctional Center in Wailuku, Hawaii ("MCCC"). These injuries are due to Defendant State of Hawaii's negligence and a policy of using male guards to supervise female prisoners. Male ACOs are left unsupervised and given control and private information about female prisoners, even work furlough participants. The State's failure to train or supervise these guards properly and the procedures in place create an unsafe environment. The MCCC facility itself further propagate policies & procedures which endanger its participants and serve no legitimate purpose. The States' actions create an entirely foreseeable risk.

Plaintiff, Christina Riley, ("Christina") was on work furlough at the Maui Community Correctional Center. She drove off in the morning to work, and returned in the evening to stay the nights at the facility. A male ACO noticed her and somehow learned that she had a "Facebook" account. With that seemingly innocuous piece of information, ACO Defendant James Siugpiyemal was able to contact Christina, threaten to violate her furlough program if she didn't comply

with his personal demands, coerce Christina to meet him outside the facility and assault and later rape her. The State mandated procedures for work furlough requires inmates to leave an active cell phone number with the ACOs at the gate. Giving the male ACOs the female inmates' cell numbers creates the perfect opportunity for extortion by the male ACOs. By prohibiting social media access, the State's policies & procedures further provided the basis for extortion.

Defendant Siugpiyemal called Christina numerous times, demanding she meet him. When she finally agreed, he forced her to have oral sex with him. Confused and simply wanting to comply with the State furlough program, Christina chose to remain silent but she kept her semen stained clothes.

Defendant Siugpiyemal continued to stalked Christina at her place of employment. He would call her on her cell phone and threaten to have her parole revoked if she "didn't do what he said." In fear and desperation, she finally agreed to meet him again; but unbeknownst to him, she had a hidden camera in her car. That camera caught the entire episode of Christina's rape – in graphic detail.

Christina contacted her attorney's office, and they reported the incident to the State Department of Public Safety. Instead of properly investigating the allegations of rape, the State of Hawaii informed Defendant Siugpiyemal of Christina's claims. And Defendant Siugpiyemal made good on his threat to have her furlough revoked.

A few days after reports of the rape, Defendant Siugpiyemal had another ACO accuse Christina of a positive urinalysis, fifteen minutes after she just took a urinalysis which was negative. Christina's furlough was revoked, and she was taken back into custody. No one would listen to Christina's protest that she was not doing drugs, and the urine sample was not preserved in accordance with generally accepted substance abuse monitoring practices.

Defendant State of Hawaii and its employees were entrusted with the knowledge that the matter was being presented to the Grand Jury for indictment and somehow Defendant Siugpiyemal was warned. He is believed to have fled the Islands, and is still a fugitive.

## Jurisdiction

1. All parties at time of the alleged incidents, resided in the State of Hawaii.

2. At the time of the filing of this Complaint, Christina Riley is housed at Oahu Community Correctional Center ("OCCC") in Honolulu Hawaii.

3. The Department of Public Safety is principally located in Honolulu, Hawaii.

4. The situs of the tortuous acts is the Maui Community Correctional Center and certain locations in and around Wailuku Maui, Hawaii.

5. Plaintiff's claims primarily arise out of 42 U.S.C § 1983, and subject matter jurisdiction is proper in the United States District Court for the District of Hawaii.

6. Plaintiff's ancillary claims are appropriate jurisdiction for the United States District Court for the District of Hawaii.

7. Defendant James Siugpiyemal was at all times during the alleged incidents a resident of the State of Hawaii; although he is currently a fugitive.

## PARTIES

8. Plaintiff, CHRISTINA A. RILEY, ("Plaintiff" or "Christina") is and was all times relevant to this Complaint a resident of Hawaii.

9. Defendant State of Hawaii (hereinafter "State") is and was at all times relevant hereto a governmental entity operating a prison / correctional facility as an employer and under color of law.

10. Defendant NOLAN ESPINDA ("Defendant Espinda") is currently the Department Head of the Department of Public Safety, employed by the State of Hawaii. He is sued in his official capacity as said Department Head.

11. Defendant James Hirano ("Defendant Hirano") is and was at all times relevant to this Complaint, the Warden of the Maui Community Correctional Center ("MCCC"). Mr. Hirano is sued both in his individual capacity and his official capacity as the head of the MCCC.

12. Defendant JAMES SIUGPIYEMAL ("Defendant Siugpiyemal") is and was at all times relevant hereto an adult correctional officer ("ACO") employed by the State of Hawaii Department of Public Safety. His actions were under color of state law, and he is sued both in his individual capacity as and employee.

## Factual Allegations

13. For the relevant time period of about June through September 2014, Plaintiff was an inmate at MCCC participating in the work furlough program in Villas Kenolio in Kihei, Maui, and working full time in Kihei

14. Plaintiff would drive herself to and from work in Kihei everyday in her own vehicle, leaving MCCC at 5:30 a.m. and returning to MCCC by 6:30 p.m.

15. Defendant James Siugpiyemal, a male ACO, was also working at the MCCC during that time.

16. Defendant James Hirano was the warden at MCCC at that time.

17. Several months after Plaintiff started working, Defendant Siugpiyemal approached Christina when she returned from work one day and told her he had seen her on "Facebook." Plaintiff initially denied being on "Facebook."

18. As a rule of the facility, a person in the work furlough program was not supposed to be on any social media/networking sites.

19. On the next day, Siugpiyemal again confronted Plaintiff and said "that was you. I recognize your tattoos".

20. As a policy controlled by the Warden, Defendant Hirano, and part of the work furlough program, Plaintiff is required to have a cellular telephone and the number must be logged with the gate house at MCCC.

21. Defendant Siugpiyemal accessed this information and started calling Plaintiff's cellular phone.

22. Defendant Siugpiyemal would call Plaintiff and text her several times a day. Many of these texts were derogatory and some contained inappropriate photographs.

23. Defendant Siugpiyemal demanded Christina to meet him outside the facility by contacting her on her cell phone.

24. Plaintiff Christina was forced by the State to reveal her cell phone number to the male ACOs on duty when she left the facility.

25. Plaintiff was required by the State to come back and be monitored by ACO's.

26. On or about July 1, 2014, Defendant Siugpiyemal called Christina on her cell phone and demanded she meet him.

27. When she met him, he forced her to have oral sex with him. He ejaculated on Plaintiff when he was done.

28. Fearing no one would believe her, Plaintiff Christina kept her semen stained clothes as evidence.

29. Defendant Siugpiyemal began to stalk Christina at her place of employment, and continued to call her and threaten to have her parole revoked if she "didn't do what he said."

30. After numerous calls and threats Plaintiff Christina Riley agreed to meet Defendant Siugpiyemal again. But unbeknownst to him, she had a hidden camera in her car. That camera caught the entire episode of Christina's rape – in graphic detail.

31. Christina contacted her attorney, who's office reported the incident to the State Department of Public Safety in charge of the facility.

32. Instead of investigating the allegations of rape in accordance with generally accepted customs & practices, and specific procedures promulgated under the Prison Rape Elimination Act, Defendant State of Hawaii took no actions.

33. In fact Plaintiff Christina Riley was left without oversight under the continued subjugation of ACO Defendant Siugpiyemal and his cronies at the MCCC.

34. Defendant Siugpiyemal made good on his threat and had another ACO accuse Christina of a positive urinalysis, fifteen minutes after another

negative urinalysis. Christina's furlough was revoked, and she was taken back into custody.

35. Defendant State of Hawaii, Defendant Hirano other State of Hawaii employees, entrusted with the knowledge that the matter was being presented to the Grand Jury, then warned Defendant Siugpiyemal.

36. Defendant State of Hawaii by and through its employees, Defendant Hirano, and Defendant Espinda failed to have Defendant Siugpiyemal arrested.

37. Defendant Siugpiyemal fled, and is still a fugitive.

## COUNT I – 42U.S.C. 1983

38. Plaintiffs re-alleges and incorporates by reference paragraphs 1-37.

39. Defendant State of Hawaii has a long standing policy of using male guards to supervise female prisoners.

40. Defendant State of Hawaii failed to train, properly hire or supervise those guards.

41. Defendant State of Hawaii failed to provide procedures and premises that insure the safety of the women prisoners.

42. Defendant State of Hawaii had notice of potential for problems using male guards to supervise female prisoners.

43. Defendant State of Hawaii promulgated a policy and procedure of requiring female inmates to surrender their personal cell phone numbers to the male guards, as a condition of work furlough.

44. It is reasonably foreseeable that requiring a female prisoner to give up personal contact information to male guards will create problems.

45. Defendant State of Hawaii failed to set up procedures and practices to monitor their male ACO employees when supervising female prisoners.

46. Defendant State of Hawaii, Espinda and Hirano have a policy & practice of prohibiting the use of social media, which serves no legitimate prupose.

47. Defendants, each of them, through their own actions, acted to cause the harm to Plaintiff.

48. Defendants, each of them, acted under color of law, confining Plaintiff, threatening her with continued imprisonment, violating her work furlough status in retaliation for her reporting her rape.

49. Defendants Espinda and Hirano are the final policy/rule maker for the Department of Public Safety and MCCC respectively. Each could have individually changed the policies which were the cause of Plaintiff's injuries.

50. Defendants, each of them, through the acts and omissions outlined above were the proximate cause of Plaintiff's injuries.

51. When the matter was reported by Plaintiff's attorney, Defendants, each of them, again harmed Christina when Defendant Siugpiyemal was allowed to retaliate against Christina with false allegation of a positive uranalyses .

52. Defendants, each of them, acted under color of law.

### COUNT II – Negligence

53. Plaintiffs re-alleges and incorporates by reference paragraphs 1-52.

54. Defendants, each of them, were negligent in their actions, omissions, failures to institute or adhere to proper policies.

55. Defendants State of Hawaii, Espinda and Hirano had a duty to insure the safety of Plaintiff while incarcerated.

56. Defendants State of Hawaii, Espinda and Hirano breached their duty to insure the safety of Plaintiff while incarcerated.

57. Defendants State of Hawaii's, Espinda's and Hirano's breached of their duty to insure Christina's safety while incarcerated, and that breach was the direct and proximate cause of Plaintiff's harm.

58. Defendants, each of them, could reasonably have foreseen the consequences of their negligence.

## COUNT III. – Negligent Hiring, Training and Supervision

59. Plaintiffs re-alleges and incorporates by reference paragraphs 1-58.

60. Defendant State of Hawaii, Department of Public Safety is responsible for the hiring, training and supervision of all ACOs in the State of Hawaii.

61. Defendants, State of Hawaii, Department of Public Safety, Espinda and Hirano all failed to properly hire, train or supervise Defendant Siugpiyemal.

62. Defendants, State of Hawaii, Espinda, and Hirano, were the proximate cause of Plaintiff's injuries by and through their failure to hire train or supervise.

63. Defendants, State of Hawaii, Department of Public Safety, Espinda and Hirano all failed to properly proceed when the complaint and failed to properly investigate.

64. Defendants, State of Hawaii is responsible through the doctrine of Respondeat Superior for the Plaintiff's injuries.

## COUNT IV – Assault & Battery

65. Plaintiffs re-alleges and incorporates by reference paragraphs 1-64.

66. Defendants, each of them, either actually or by complicity, are responsible for the sexual assault of Plaintiff Christine Riley, which occurred on or about July 1, 2014.

67. Defendants, each of them, either actually or by complicity, are responsible for the sexual assault and rape of Plaintiff Christine Riley, which occurred on or about August 3, 2014.

### COUNT V – Intentional Infliction of Emotional Distress

68. Plaintiffs re-alleges and incorporates by reference paragraphs 1-67.

69. Defendants Siugpiyemal actually knew his actions would cause the severe emotional distress of Plaintiff, and acted with wanton disregard.

70. Plaintiff reserves the right to allege this same cause of action against Defendant Hirano and Espinda upon discovery.

71. As a direct and proximate result or Defendants actions, Plaintiff sustained severe emotional distress.

### COUNT VI – Negligent Infliction of Emotional Distress

72. Plaintiffs re-alleges and incorporates by reference paragraphs 1-71.

73. Defendant, each of them, acted with negligent disregard.

74. Defendants, each of them, owed Plaintiff a duty of care.

75. As a direct and proximate result or Defendants actions Defendants breached that duty, and Plaintiff sustained severe emotional distress.

## COUNT VII – False Imprisonment

76. Plaintiffs re-alleges and incorporates by reference paragraphs 1-75.

77. On or about July 1, 2014, Defendants, each of them, either actually or by complicity, caused Plaintiff to be restrained against her will and by force of coercion.

78. On or about August 3, 2014, Defendants, either actually or by complicity, caused Plaintiff to be restrained against her will and by force of coercion.

79. Defendants, each of them, by and through their actions, omissions, or failures to act were the direct and proximate cause of Plaintiff's injuries.

## COUNT VIII – Punitive Damages

80. Plaintiffs re-alleges and incorporates by reference paragraphs 1-79.

81. Defendants each of them, individually, jointly, separately or collectively committed acts, omissions, failures to act, or actual harm as to warrant punitive damages.

////

////

////

## Prayer for Relief

As a result of the allegations as described above, Plaintiff is entitled to general, special, and punitive damages in an amount to be determined at trial. For an award that this Court deems just and equitable under the circumstances.

Dated:        Honolulu, Hawaii June 30, 2016

```
                                    _____
                                    MYLES S. BREINER
                                    Attorney for Plaintiff
                                    CHRISTINA C. RILEY
```